IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERIC L. TOLBERT,              )
                              )
            Plaintiff,        )
                              )
      v.                      )        1:10CV49
                              )
DR. (FNU) WYATT,              )
                              )
            Defendant.        )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge sua sponte. (See Docket Entry dated Dec. 14, 2011.) The case began when Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina. (Docket Entry 1.) The case thereafter was transferred to this Court. (Docket Entry 3.) The Court then ordered Plaintiff to complete and to return a summons form for Defendant. (Docket Entry 8.)

That Order specifically cautioned Plaintiff that any "[f]ailure to provide an address wherein service may be made on this Defendant will result in dismissal of the action." (Id. at 2 (citing Fed. R. Civ. P. 4(m).) After no completed summons form was received from Plaintiff, a recommendation of dismissal was entered. (Docket Entry 10.) Plaintiff objected and submitted therewith a sworn statement that he timely had provided a completed summons form to prison officials for mailing to the Court. (Docket Entry 12.) Based on that representation, the recommendation of dismissal

was withdrawn, the Clerk was directed to send Plaintiff a new summons form, and Plaintiff again was ordered to return the completed form. (Docket Entry 13.)

Plaintiff returned a summons form with an address for Defendant at a North Carolina Department of Correction facility and the Clerk's Office submitted the summons (so addressed) to the United States Marshal's Office for service. (Docket Entry 15.) The United States Marshal's Office returned that summons unserved with a notation reflecting that Defendant no longer worked for the North Carolina Department of Correction, that Defendant may have moved to Indiana, and that no forwarding address was available. (Docket Entry 16.) Plaintiff subsequently submitted another summons form to the Clerk's Office with an address for Defendant in Raleigh, North Carolina, whereupon the Clerk's Office again issued a summons (addressed as Plaintiff indicated) and forwarded it to the United States Marshal's Office for service. (Docket Entry 17.) The United States Marshal's Service returned that summons unserved with a notation reflecting that the address in question belonged to the North Carolina Department of Correction and that persons at said address refused to accept service of the summons because Defendant was unknown to them and did not work for the North Carolina Department of Correction. (Docket Entry 18.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for

failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, appellant failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action based on Plaintiff's failure to comply with the Court's Orders directing him to provide a proper address for service on Defendant.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay caused by Plaintiff's non-compliance prejudices Defendant's right to adjudication when memories remain fresh, Plaintiff has had multiple opportunities to submit a properly-completed summons form and has a history of improper

litigation conduct in other cases,[1] and no other sanction appears feasible or sufficient.

Moreover, the Court previously warned Plaintiff that "[f]ailure to provide an address wherein service may be made on this Defendant will result in dismissal of the action." (Docket Entry 8 at 2.) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

                                  /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                         **United States Magistrate Judge**

December 15, 2011

---

[1] As another court has recognized, "Plaintiff is no stranger to the federal courts in that he previously has filed at least seven federal cases over the preceding five years." Tolbert v. Stevenson, No. 3:09CV382-MU-02, 2009 WL 3245385, at *1 (W.D.N.C. Oct. 5, 2009) (unpublished). Indeed, as the court in which Plaintiff originally filed this action noted, "Plaintiff is a frequent filer who previously was determined to be a 'three striker.' That is, . . . Plaintiff already ha[s] sustained at least three prior dismissals for frivolity and/or failure to state a claim for relief." (Docket Entry 3 at 2.)